IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JACKIE LEE BROOKS                                                                                    MOVANT

v.                                                                                              No. 3:17CR33-SA-RP

UNITED STATES OF AMERICA                                                                      RESPONDENT

**ORDER *GRANTING* BROOKS' MOTION [404] FOR
RELIEF FROM JUDGMENT, *SETTING DEADLINE* OF *21
DAYS* FROM THE DATE OF THIS ORDER TO REPLY IN
SUPPORT OF HIS MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

This matter comes before the court on the motion [404] under Fed. R. Civ. P. 59(e) by Jackie Lee Brooks for relief from the court's judgment [399] denying his motion [306] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The deadline for seeking relief under Rule 59(e) is 28 days from entry of judgment.[2,3]

Brooks argues that he did not receive a copy of the Government's Response [397] to his motion – and thus lost the opportunity to file a Reply in support of his motion. Under the 2019 amendments to the Rules Governing § 2255 Proceedings, Rule 5(d) gives a § 2255 Movant the right

---

[1] Under Rule 12 of the Rules Governing § 2255 Proceedings in the United States Courts, the court may apply the Federal Rules of Civil Procedure in a § 2255 proceeding "to the extent that they are not inconsistent with any statutory provisions or these rules."

[2] Under the "mailbox rule," a prisoner's federal *habeas corpus* petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (relying on *Houston v. Lack* and its progeny).

[3] Brooks' Rule 59(e) motion is time filed, as his certificate of service indicates that he presented the motion to prison officials on the twenty-eighth day after entry of judgment.

to reply in support of his motion (where previously the court had discretion to determine whether to permit a reply).

The Government filed a Certificate of Service stating that its Response [397] was mailed to Brooks on November 7, 2022. Brooks, however, then filed a Motion [398] for Notice of Default on December 27, 2022, stating that he did not receive a Response. The court entered Final Judgment on March 29, 2023, without further briefing from Brooks.

A proper Certificate of Service stands as prima facie evidence that a document was served upon a litigant: "[P]roof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S. Ct. 382, 386, 28 L. Ed. 395 (1884)). Nonetheless, as Brooks filed a motion for notice of default, it appears that he did not receive the Response mailed to him. As such, the court made its ruling based on a manifest error of fact: that Brooks had received notice of the Government's Response and had chosen not to reply. The court will thus grant relief under Fed. R. Civ. P. 59(e) and reinstate Brooks' § 2255 motion.

For these reasons, the instant Motion [404] for relief from judgment under Fed. R. Civ. P. 59(e) is **GRANTED**. The Clerk of the Court will **REINSTATE** Brooks' motion [306] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and *the deadline for Brooks to file a Reply in support of his § 2255 motion is 21 days from the date of this order.* In addition, the Clerk of the Court is **DIRECTED** to send Brooks a copy of the Government's Response [397] to the § 2255 motion.

**SO ORDERED**, this, the 17th day of October, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE